UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL BACA, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:12-cv-1052-SEB-DKL |
| | ) | |
| MR. BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Michael Baca for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

## Background

The pleadings and the expanded record in this action establish the following:

1. Baca is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR12-04-0078, wherein he was found guilty of having violated prison rules of conduct by conspiring to use an unauthorized electronic device (cell phone).

2. A conduct report was issued on April 10, 2012, reciting that during the afternoon of January 12, 2012, he placed a phone call to someone outside the Pendleton Correctional Facility and in the course of that call stated that he would place a call the following day using a cell phone within the prison.

3. After being supplied with a copy of the written charge and notified of his procedural rights, a hearing was conducted on April 17, 2012. Baca was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good-time and a demotion in his credit class, his administrative appeals were rejected, and this action followed.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* "Prison disciplinary proceedings are not

part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Baca was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Baca received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Baca was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Baca to the relief he seeks. Accordingly, Baca's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 01/28/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Michael Baca
No. 201311
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

frances.barrow@atg.in.gov